UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

LYNETTE BILYJ

VS. CA NO: 06-407S

GEORGE M. HANNA, JR. M.D. In His Capacity as Plan Administrator; and CARDIOLOGY AND INTERNAL MEDICINE ASSOC. PROFIT SHARING PLAN, Alias, as successor to GEORGE M. HANNA, JR. M.D. PROFIT SHARING PLAN; Alias

**STIPULATION**

Plaintiff's Complaint can be amended in the form and manner as attached.

PLAINTIFF
By her attorneys,
Law Office of Mark B. Morse

/s/ Mark B. Morse

MARK B. MORSE
RI Bar Reg No 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555
fax (401) 273-0937
email: mark@morselawoffice.com

DEFENDANTS
By their Attorneys
George J. West, Esq.

/s/George J. West, Esq.

GEORGE J. WEST
RI Bar Reg No 3052
1 Turks Head Plaza, Suite 312
Providence, RI 02903-2215
(401) 861-9042
fax (401) 861-0330
email: GEORGEW180@aol.com

December 27, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

LYNETTE BILYJ

VS. CA NO: 06-407S

CARDIOLOGY AND INTERNAL MEDICINE ASSOCIATES
Of RHODE ISLAND, INC. in its Capacity as Plan Administrator; and
CARDIOLOGY AND INTERNAL MEDICINE ASSOC.
PROFIT SHARING PLAN, Alias, as successor
to GEORGE M. HANNA, JR. M.D.
PROFIT SHARING PLAN; Alias and GEORGE M. HANNA, JR. M.D., Alias

## AMENDED COMPLAINT

NOW COMES the Plaintiff, Lynette Bilyj, by her attorney, Mark B. Morse, and sets forth the following:

## JURISDICTION AND VENUE

Plaintiff brings this action to recovery damages and for equitable relief under the provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq., and particularly Section 510 (20 U.S.C. 1140), 20 U.S.C. 1104 *et seq*., and all other applicable provisions of the Act to redress the termination of her Profit Sharing Plan, which was done pretextually and with the purpose of interfering with a right to which she was entitled under an employee benefit plan. All acts alleged have occurred within the State of Rhode Island and within this judicial district.

## THE PARTIES

1. Plaintiff is a citizen of the United States of America and resides in the Town of North Providence, Rhode Island. At all times material hereto, Plaintiff has been an employee of Cardiology and Internal Medicine Associates of Rhode Island, Inc. (hereinafter the Employer) from August 1, 1992 through August 4, 2004, as a registered nurse.

2. Defendant CARDIOLOGY AND INTERNAL MEDICINE ASSOC. PROFIT SHARING PLAN, Alias (herein the Plan) is a duly qualified profit sharing plan within the meaning of ERISA.

3. Defendant CARDIOLOGY AND INTERNAL MEDICINE ASSOCIATES Of RHODE ISLAND, INC. (herein Plan Administrator) serves as the Plan Administrator of the Plan within the meaning of ERISA.

4. Defendant GEORGE M. HANNA, JR. M.D. is a named fiduciary to the Plan and is entrusted with the safekeeping of the Trust Fund for the benefit of the Plaintiff and other Plan recipients.

## FACTUAL ALLEGATIONS

5. At all times material hereto, and since at least August 1, 1992, the Plaintiff was a plan participant in the Plan referred to herein, or its predecessor; the George M. Hanna, Jr. M.D. Profit Sharing Plan. The Summary Plan Description of the Plan is attached as Exhibit A.

6. From time to time during 2003 and 2004 Plaintiff requested from the Plan Administrator the annual reports, summary plan descriptions, and other information pertaining to the amounts held for her benefit in the aforesaid Plan, including a request made through counsel on August 10, 2004, on October 28, 2004, and on May 30, 2006 for Plan information. Copies of the requests are attached as Exhibit B, Exhibit C, and Exhibit D respectively.

7. The Plan is an employee benefit plan within the meaning of ERISA, and 29 U.S.C. §1002(4), 29 U.S.C. § 1104 et seq. and 29 U.S.C. § 1140.

8. Plaintiff was not provided the aforesaid Plan information, and as a result, is unaware of the amount of Plan benefits, if any currently set aside, nor has she been informed of her rights of appeal, or her right to receive or transfer Plan benefits.

## COUNT I
## (DECLARATORY RELIEF)

9. Plaintiff seeks a declaration to clarify her right to recover current and future benefits pursuant to the terms of the Plan pursuant to 29 USC §1132(a)(1)(B).

WHEREFORE, plaintiff requests that the Defendant Plan Administrator award her benefits pursuant to the terms of the Plan, and that she be awarded other equitable relief as this Court deems meet and just.

## COUNT II
## (FAILURE TO PROVIDE PLAN INFORMATION)

10. Plaintiff incorporates by reference the allegations set forth above in Paragraphs 1 through 8, inclusive, as if more fully set forth herein.

11. On or about August 10, 2004, and on October 28, 2004 plaintiff, through her agent and attorney requested from The Administrator information requesting a summary plan description, and other pertinent plan information required to be provided pursuant to 29 USC §1021,

12. Despite plaintiff's request, the Administrator refused to comply, and continues to refuse to provide the requested information within thirty (30) days as is more particularly required by the terms of 29 USC §1021.

WHEREFORE, plaintiff requests that Defendant PLAN ADMINSTRATOR be ordered to provide the information as requested, that it be fined $110.00 for each day of non-compliance after the initial thirty (30) day period, that it be ordered to pay costs, and reasonable attorney fees, and that this Court order such other relief as it deems meet and just.

**COUNT III**
**(FAILURE TO REMIT PLAN BENEFITS)**

13. Plaintiff incorporates by reference the allegations set forth above in Paragraphs 1 through 8, inclusive, as if more fully set forth herein.

14. On or about August 4, 2004 Plaintiff was terminated from employment, and as a result became entitled to a distribution of plan benefits.

15. On or about May 30, 2006 Plaintiff duly requested that the Defendant Plan Administrator remit plan benefits in accordance with the terms of the Plan.

16. Notwithstanding Plaintiff's request, the Defendant Plan Administrator unjustifiably denied the request, and refused to remit plan benefits in accordance with the terms of the Plan.

17. Plaintiff has exhausted her administrative remedies as provided in the Summary Plan Description.

WHEREFORE, plaintiff requests that the Defendant Plan Administrator, and the Defendant Plan be required to provide her the information necessary for her to determine whether remittance of plan benefits is appropriate, and if so, to then award her benefits pursuant to the terms of the Plan, reasonable attorneys fees, costs, and that she be awarded other equitable relief as this Court deems meet and just.

**COUNT IV**
**(BREACH OF FIDUCIARY DUTY)**

18. Plaintiff incorporates by reference the allegations set forth above in Paragraphs 1 through 8, inclusive, as if more fully set forth herein.

19. Defendant George M. Hanna, Jr. has failed to maintain the trust fund in accordance with his duties as Trustee of the Plan.

20. Defendant George M. Hanna's failure to maintain the trust fund is in violation of 29 USC §1132(a)(3).

WHEREFORE, plaintiff requests that the Defendants award her benefits pursuant to the terms of the Plan, that they be ordered to maintain the trust fund in accordance with the requirements of 29 USC§ 1132(a)(3), that she be awarded reasonable attorneys fees, costs, and other equitable relief as this Court deems meet and just.

PLAINTIFF
By her Attorneys,
Law Office of Mark B. Morse

/s/ Mark B. Morse
MARK B. MORSE, Esq.
RI Bar Reg. No 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555
fax (401) 273-0937
email: mark@morselawoffice.com

CERTIFICATION

To: George J. West, Esq.
1 Turks Head Plaza, Suite 312
Providence, RI 02903-2215

I hereby certify that a true copy of the within was transmitted through the ECF system of the United States District Court, D.R.I. to the abovenamed.

DATE: December 27, 2006 /s/ Mark B. Morse