UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

LYNETTE BILYJ

VS. C.A. No. 06-407S

CARDIOLOGY AND INTERNAL MEDICINE ASSOCIATES OR FHODE ISALND, INC. In ITSs Capacity as Plan Administrator, and CARDIOLOGY AND INTERNAL MEDICINE ASSOC. PROFIT SHARING PLAN, Alias, as successor to GEORGE M HANNA, JR. M.D. PROFIT SHARING PLAN; Alias and GEORGE M. HANNA, JR. , M. D., ALIAS

## ANSWER TO AMENDED COMPLAINT

NOW COMES the Defendants and each of them by attorney, George J. West, and deny each and every allegation of the complaint and all counts thereof unless the same are specifically admitted herein below and further answers the Plaintiff's complaint as follows:

As to that paragraph entitled Jurisdiction and Venue Defendant admits that Plaintiff brings her action pursuant to 29 U.S.C. § 1001et seq. but denies all the remaining allegations of the paragraph;

The following responses shall correspond to the numbered paragraphs of the Complaint.

1. Admits the allegations as to residency and the fact of employment with Cardiology and Internal Medicine Associates and leaves Plaintiff to her proof as to the remaining allegations;

2. Admits that the plan is a duly qualified profit sharing plan but denies any other inference or allegation contained therein.

3. Admitted;

4. Admit that George M. Hanna, Jr. M.D. is the named fiduciary and leaves plaintiff to its proof relative to the remaining allegations and characterization of duties entailed in said role.

5. Admits Plaintiff was a participant in the Plan; admits the Plan is maintained pursuant to and governed by ERISA; admits that a copy of a Summary Plan Description is appended to Plaintiff's Complaint as Exhibit A but denies any other inference or allegation contained therein;

6. Admits Plaintiff's allegation relative to letters authored by Plaintiff's counsel but denies any characterization of the content of said letters;

7. Defendant denies the allegations referencing 29 U.S.C. § 1002(4) and denies any purported definitional inclusion of the plan existing in 29 U.S.C. §1104 et seq. and further denied on the same grounds as to 29 U.S.C. §1140.

8. Denies the allegations in paragraph 7;

**COUNT I**

9. Paragraph 9 is a prayer for relief and as such requires no answer from the defendants. It is denied to the extent that it infers that the said prayer is required due to other factual assertions of the Plaintiff contained in the complaint but not incorporated into the Count;

.

**COUNT II**

10. Incorporates herein by reference its responses to paragraphs 1 though 9;

11. Admitted as to letters authored by Plaintiff's counsels, denied as to any characterization of the contents of said letters.

12. Denies the allegations in paragraph 12;

**COUNT III**

13. Incorporates herein by reference its responses to paragraphs 1 through 12;

14. Defendants leave plaintiff to her proof relative to her allegations regarding her employment and further deny the remaining allegations of paragraph 14;

15. Defendants deny that a complete and lawful roll-over request was submitted on May 30, 2006 and denies the allegations in paragraph 15;

16. Denies the allegations in paragraph 16

17. Denies the allegations in paragraph 17;

COUNT IV

18. Incorporates herein by reference its responses to paragraphs 1 through 8.

19. Denies the allegations in paragraph 19.

20. Denies the allegations in paragraph 20.

## **Affirmative & Additional Defenses and Averments**

1. To the extent Plaintiff asserts any claim or relies upon any evidence not previously submitted or furnished to the Plan Administrator, such claim or admission of such evidence in support of Plaintiff's claim is barred by Plaintiff's failure to exhaust administrative and/or Plan remedies.

2. To the extent that facts and circumstances as developed in the discovery phase of this matter support such a defense or affirmative defense, Defendant reserves the right to rely on the defense that Plaintiff's claims are barred in whole or part by the Plan's limitations provisions, if any, or the applicable statute of limitations.

3. At all times relevant to the above-captioned action, the ERISA plan at issue here has been administered pursuant to its terms and in

conformity with applicable law, and the Plan's actions towards Plaintiff, if any, were neither arbitrary nor capricious, nor an abuse of the Plan's discretion.

4. The Plan's actions with respect to Plaintiffs claims were fair, reasonable, consistent with the terms and intent of the Plan, and within the Plan's discretion under the terms of the Plan.

5. Plaintiff cannot under ERISA recover or be adjudged entitled to benefits in excess of those provided under the terms of the Plan.

6. If and to the extent Plaintiff was found to be entitled in this action to any benefit, the proper remedy would be a declaratory judgment order to pay benefits pursuant to the terms of the Plan, rather than an award of damages, non-equitable relief, or other direct monetary relief or damages

7. Plaintiff's allegations fail to form the basis for an award of attorney's fees pursuant to 29 U.S.C. §1132(g)(1).

8. Plaintiff would not be entitled under any circumstances to an award of attorney's fees or costs incurred prior to the commencement of this action.

9. As to defendant George M. Hanna, Jr., M.D. the complaint fails to state a claim upon which relief may be granted.

10. Defendant respectfully reserves the right to supplement its Answer and Affirmative & Additional Defenses to assert other lawful defenses applicable to this action.

WHEREFORE, Defendants, by counsel, requests the Court to enter an Order dismissing Plaintiff's Complaint, with prejudice; awarding Defendants the costs expended herein, including reasonable attorneys' fees, pursuant to 29 U.S.C. §1132(g)(1); and granting such further relief as the court deems just and proper.

This 30th day of January, 2007.

Defendants,
By their attorney,

/s/George J. West

George J. West #3052
One Turks Head Place
Suite 312
Providence, RI 02903-2215
401-861-9042
401-861-0330 fax
Email: GeorgeW180@aol.com

CERTIFICATE

I hereby certify that on the 30th day of January, 2007, I forwarded a copy of the foregoing Answer via the ECF system of the United States District Court to Mark B. Morse, Esq., 111 Wayland Ave., Providence, RI 02906 @ mark@morselawoffice.com.

/s/ George J West